# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLYDE REID**
      **Petitioner-defendant,**

  **v.**                                    **Case No. 14-C-1065**
                                              **(Criminal Case No. 98-CR-108)**

**UNITED STATES OF AMERICA**
      **Respondent-plaintiff.**

## RULE 4 ORDER

On November 30, 1998, I sentenced petitioner Clyde Reid to 84 months in prison followed by three years of supervised release on his guilty plea to bank robbery. After his release from federal prison, petitioner was arrested on new state charges, and I issued a warrant to act as a detainer requiring that he be returned to this court for a supervised release revocation hearing. Petitioner pleaded guilty to the new state charges, and on September 15, 2009, the state court sentenced him to 10 years in prison. On February 18, 2010, I revoked petitioner's federal supervised release and sentenced him to 24 months, with 6 months running concurrently and 18 months consecutively to the state sentence. He took no appeal.

On July 27, 2012, petitioner sent a letter requesting that I run the 18 months concurrently with the state term, which I dismissed for lack of jurisdiction. On May 19, 2014, he filed a motion to run the remaining 18 months concurrently, which I also dismissed.

On September 2, 2014, petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging that he received ineffective assistance of counsel in the 2010 revocation proceeding. He states that:

> After the sentencing, counsel failed to apprise the petitioner that he had appeal rights if he was not satisfied with the sentence he received. Counsel was ineffective for failing to render what the Constitution requires and that is to give notice of appeal rights to the defendant. Had the petitioner known that he could appeal this revocation decision, the petitioner would have filed a notice of appeal.

(Motion at 7.) As relief, he wants the court "to run [the] remaining 18 month revocation sentence concurrent with [the] 10 year state sentence." (Motion at 10.)

The district court must conduct a preliminary review of a § 2255 motion, dismissing the action if it plainly appears that the movant is not entitled to relief. See Rule 4(b), Rules Governing § 2255 Proceedings. Petitioner's motion, filed more than four years after the 2010 judgment after revocation became final, appears to plainly be untimely. See 28 U.S.C. § 2255(f)(1).

**THEREFORE, IT IS ORDERED** that on or before **October 6, 2014** petitioner show cause why his § 2255 motion should not be dismissed as untimely.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge

2