# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLYDE REID**
          **Petitioner-defendant,**

    **v.**                                   **Case No. 14-C-1065**
                                            **(Criminal Case No. 98-CR-108)**

**UNITED STATES OF AMERICA**
          **Respondent-plaintiff.**

## DECISION AND ORDER

Petitioner Clyde Reid moves to vacate his sentence after revocation. 28 U.S.C. § 2255. For the reasons that follow, I deny the motion as untimely; in the alternative, I deny the motion on the merits.

## I. BACKGROUND

On November 30, 1998, I sentenced petitioner to 84 months in prison followed by three years of supervised release on his guilty plea to bank robbery. After his release from federal prison, petitioner was arrested on new state charges arising out of an incident in which he shot another man, and I issued a warrant to act as a detainer requiring that he be returned to this court for a revocation hearing. On June 23, 2008, petitioner pleaded guilty to first degree reckless injury in state court, and on September 15, 2009, the state court sentenced him to 10 years in prison. On February 18, 2010, I revoked petitioner's federal supervised release and sentenced him to 24 months, with 6 months running concurrently and 18 months consecutively to the state sentence. At the conclusion of the revocation hearing, I advised petitioner of his appellate rights (Case No. 98-CR-108, R. 26 at 3), but he took no appeal.

On July 27, 2012, petitioner sent a letter requesting that I run the 18 months concurrently with the state term, which I dismissed for lack of jurisdiction. On May 19, 2014, he filed a motion to run the remaining 18 months concurrently, which I also dismissed.

On September 2, 2014, petitioner filed the instant § 2255 motion, alleging that he received ineffective assistance of counsel in the 2010 revocation proceeding. He stated that:

> After the sentencing, counsel failed to apprise the petitioner that he had appeal rights if he was not satisfied with the sentence he received. Counsel was ineffective for failing to render what the Constitution requires and that is to give notice of appeal rights to the defendant. Had the petitioner known that he could appeal this revocation decision, the petitioner would have filed a notice of appeal.

(Motion at 7.) In his request for relief, petitioner stated: "To run my remaining 18 month revocation sentence concurrent with my 10 year state sentence." (Motion at 10.)

I screened the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, noting that it appeared to plainly be untimely. See 28 U.S.C. § 2255(f)(1). I therefore ordered petitioner to show cause why his motion should not be dismissed. See Day v. McDonough, 547 U.S. 198 (2006). Petitioner has filed his response, and the matter is ready for decision.

## II. DISCUSSION

### A. Timeliness

Section 2255 actions have a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, because petitioner filed no direct appeal, his revocation judgment became final 14 days after its entry on February 23, 2010.  See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).  He filed the instant § 2255 motion more than 4-½ years later.

In his response to my order, petitioner asserts that the cause for his untimely filing is ineffective assistance of counsel.  He essentially analyzes the issue as one of procedural default, arguing that his lawyer's failure to advise him of his appellate rights provides the cause for his failure to perfect an appeal.  He contends that counsel's ineffective assistance deprived him of his right to appellate review.

Petitioner's response focuses on why he failed to timely appeal, but it does not address why it took him 4-½ years to file this § 2255 action.  Petitioner makes no attempt to avail himself of one of the statutory tolling rules in § 2255(f) or to demonstrate the applicability of equitable tolling.  A reasonably diligent prisoner would not need 4-½ years to discover that counsel failed to provide advice about or otherwise assist with an appeal.  See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see also Anjulo-Lopez v. United States, 541 F.3d 814, 818-19 (8th Cir. 2008).

**B.    Merits**

A lawyer provides ineffective assistance by failing to file an appeal on his client's request, without regard to the probability of success on appeal, but petitioner does not allege

3

that he told his lawyer to file a notice. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Rather, he asserts that counsel was ineffective in failing to apprise him of his appeal rights. Assuming this is so, however, the obligation to advise a defendant of the right to appeal falls primarily on the court. Id. As indicated above, I advised petitioner of his appeal rights at the February 18, 2010, revocation hearing.

The Constitution requires counsel to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); see also Bednarski v. United States, 481 F.3d 530, 536 (7th Cir. 2007). Petitioner identifies no non-frivolous grounds for appeal of his revocation sentence,[1] and he makes no claim that he ever expressed an interest in appealing. Therefore, he cannot show deficient performance.

Nor can he show prejudice. In order to demonstrate prejudice in this context, the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-

---

[1]Based on his previous filings and his request for relief in the § 2255 motion, it is clear that petitioner wants his federal revocation sentence to be entirely concurrent with his state sentence. However, he provides no legal basis for appealing my discretionary decision to make the sentences partially concurrent. See 18 U.S.C. § 3584; see also U.S.S.G. § 7B1.3(f) (recommending that the revocation sentence be consecutive in this context). Nor does he identify any other bases for challenging the sentence on appeal. Finally, he identifies no basis for challenging the decision to revoke. He admitted the violations (which were based on the conduct leading to his state court conviction) and conceded revocation. Cf. Flores-Ortega, 528 U.S. at 480 ("Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.").

Ortega, 528 U.S. at 484. In his § 2255 motion, petitioner indicates if he had known that he could appeal, he would have file a notice of appeal. (Motion at 7.) However, petitioner did know that he had the right to appeal; he was so advised on the record at his revocation hearing. In his response to the order to show cause, petitioner asserts that counsel was obligated to assist in determining whether there were grounds to challenge the revocation sentence. However, petitioner identifies no such grounds now. See Flores-Ortega, 528 U.S. at 486 (stating that the prejudice inquiry may be satisfied if the defendant shows non-frivolous grounds for appeal); Bednarski, 481 U.S. at 537 (finding no prejudice where the defendant proffered no non-frivolous grounds for appeal and, aside from expressing a desire for a lighter sentence, presented no other reason to conclude that he would have filed a timely appeal but for his attorney's alleged failure to consult with him).[2]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that petitioner's § 2255 motion is denied as untimely; in the alternative, it is denied on the merits; and this case is dismissed. The Clerk is directed to enter judgment.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether

---

[2]Petitioner has not requested an evidentiary hearing or submitted any affidavits in support of his motion. Even assuming the truth of the factual allegations in his submissions, the record conclusively shows that he is entitled to no relief. See Torzala v. United States, 545 F.3d 517, 525 (7th Cir. 2008).

(or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Narvaez v. United States</u>, 674 F.3d 621, 626 (7th Cir. 2011). Where the district court has rejected the petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack</u>, 529 U.S. at 484. When the district court denies a motion on procedural grounds, a COA may issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Id.</u> For the reasons stated above, petitioner cannot make such a showing regarding timeliness or the merits of his motion, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge